**FILED**
Sep 09 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ soniad DEPUTY

~~SEALED~~
s/ SuzanneA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

April 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARGAR SIMONYAN,<br><br>    Defendant. | Case No.   **'21 CR2659 BAS**<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1029(a)(2), (c)(1)(A)(i) – Use of Unauthorized Access Devices; Title 18, U.S.C., Sec. 1028A – Aggravated Identity Theft; Title 18, U.S.C., Secs. 982(a)(2)(B), 982(b) and 1029(c) – Criminal Forfeiture |

**ORDERED UNSEALED on 10/07/2021    s/ SuzanneA**

The grand jury charges, at all times material to the Indictment:

### Introductory Allegations

1. An "access device" was any card, plate, code, account number, electronic serial number, personal identification number, or other means of account access that could be used, alone or in conjunction with another access device, to obtain money, goods, or services. Common forms of access devices were debit and credit cards, as well as the account information typically encoded on debit and credit cards.

2. An "unauthorized access device" was any access device that was lost, stolen, or obtained with intent to defraud.

NWP:SLF:nlv:San Diego:9/8/21

3. Unauthorized access devices were commonly obtained by taking the account information of unwitting victims and re-encoding it on blank cards to simulate legitimate debit or credit cards. Unwitting victims' account information was commonly obtained by skimming devices that would surreptitiously capture it during an otherwise legitimate transaction at a point of sale such as a gas pump or ATM.

4. "Device-making equipment" was any equipment designed or primarily used for making an access device or counterfeit access device. Certain types of device-making equipment were commonly known as "skimming devices" or "skimmers."

5. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any unique electronic identification number, address, or routing code, and access device.

### Count 1

### Use of Unauthorized Access Devices

### 18 U.S.C. § 1029(a)(2)

6. Paragraphs 1 through 5 are hereby incorporated by reference as if fully stated herein.

7. Between February 28, 2019 and February 28, 2020, and expressly including November 20, 2019, within the Southern District of California and elsewhere, defendant MARGAR SIMONYAN did knowingly and with intent to defraud use one and more unauthorized access devices during a one-year period, and by such conduct obtain cash and other things of value aggregating $1,000 and more during such one-year period.

All in violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

### Count 2

### Aggravated Identity Theft

### 18 U.S.C. § 1028A

8. Paragraphs 1 through 4 are hereby incorporated by reference as if fully stated herein.

9. On or about November 20, 2019, within the Southern District of California, defendant MARGAR SIMONYAN, during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2) (Access Device Fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, the electronic bank information belonging to belonging to A.P., during a financial transaction at an ATM, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A.

### CRIMINAL FORFEITURE

10. The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029(c)(1)(C).

11. Upon conviction of the offense in violation of Title 18, United States Code, Section 1029(a)(2) set forth in Count 1 of this Indictment, defendant MARGAR SIMONYAN, shall forfeit to the United States of America:

    a. pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation; and

    b. pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

  12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2)..

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b), and 1029(c).

  DATED: September 9, 2021.

RANDY S. GROSSMAN
Acting United States Attorney

By: *[signature]*
SABRINA L. FEVE
NICHOLAS W. PILCHAK
Assistant U.S. Attorneys

4