UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 21cr2659-BAS |
|---|---|
| Plaintiff, | ORDER OF CRIMINAL FORFEITURE |
| v. | |
| MARGAR SIMONYAN, | |
| Defendant. | |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of Defendant MARGAR SIMONYAN ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(2)(B), as charged in the Indictment; and

WHEREAS, on or about April 22, 2022, Defendant pled guilty before Magistrate Judge Karen S. Crawford to Count 1 of the Indictment, which plea included consent to the forfeiture allegation of the Indictment, and an agreement to forfeit to the United States the amount of $11,810.00 as proceeds Defendant received from the offense, and the following property, for which forfeiture shall be included and incorporated as part of the judgment in this case: a T-Mobile REVVL V+5G cell phone with IMEI 357492490076310; and

WHEREAS, on May 12, 2022 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable T-Mobile cell phone, pursuant to 18 U.S.C. §982(a)(2)(B) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the T-Mobile cell phone, which was found forfeitable by the Court; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $11,810.00 (U.S. dollars) represents the moneys derived from and traceable to the gross proceeds that the Defendant obtained directly as a result of the offense to which Defendant pled guilty, 18 U.S.C. § 1029(a)(2), as charged in the Indictment; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $11,810.00, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $11,810.00 forfeiture and the offense; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title and

1  interest of Defendant MARGAR SIMONYAN in the following property are hereby
2  forfeited to the United States pursuant to Title 18, United States Code, Section
3  982(a)(2)(B) for disposition in accordance with the law, subject to the provisions of 21
4  U.S.C. § 853(n): a T- Mobile REVVL V+5G cell phone with IMEI 357492490076310.

5   2.   The aforementioned forfeited asset is to be held by the United States
6  Secret Service in its secure custody and control.

7   3.   Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
8  begin proceedings consistent with any statutory requirements pertaining to ancillary
9  hearings and rights of third parties. The Court shall conduct ancillary proceedings as
10 the Court deems appropriate only upon the receipt of timely third party petitions filed
11 with the Court and served upon the United States. The Court may determine any
12 petition without the need for further hearings upon the receipt of the Government's
13 response to any petition. The Court may enter an amended order without further notice
14 to the parties.

15  4.   Pursuant to the Attorney General's authority under Section 853(n)(1) of
16 Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
17 Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
18 the United States forthwith shall publish for thirty (30) consecutive days on the
19 Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
20 the United States' intent to dispose of the Apple iPhone in such manner as the Attorney
21 General may direct, and notice that any person, other than the Defendant, having or
22 claiming a legal interest in the above-listed forfeited property must file a petition with
23 the Court within thirty (30) days of the final publication of notice or of receipt of actual
24 notice, whichever is earlier.

25  5.   This notice shall state that the petition shall be for a hearing to adjudicate
26 the validity of the petitioner's alleged interest in the T-Mobile cell phone, shall be
27 signed by the petitioner under penalty of perjury, and shall set forth the nature and
28

extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the T-Mobile cell phone that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the T-Mobile cell phone, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. In addition to the forfeiture of the specific asset described above, Defendant MARGAR SIMONYAN shall forfeit to the United States the sum of $11,810.00 pursuant to 21 U.S.C. § 853 in the form of a personal money judgment for the proceeds Defendant received from his offense of conviction, which forfeiture is in favor of the United States against Defendant MARGAR SIMONYAN; and

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

11. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $11,810.00 to satisfy the forfeiture in whole or in part; and

13. The United States may take any and all actions available to it to collect and enforce the forfeiture.

DATED: 6/22/22

_____
Hon. Cynthia Bashant
United States District Judge